**Samuel L. SMITH, Plaintiff,**

v.

**NEW YORK TIMES and Spartanburg Herald–Journal, Defendants.**

CA No. 7:94–2300–20AK.

United States District Court, D. South Carolina, Spartanburg Division.

March 22, 1996.

dants notice of their termination.

Plaintiff was pro se.

Paul B. Lindemann of Jackson, Lewis, Schnitzler & Krupman of Greenville, South Carolina and by Gregory I. Rasin of the same firm in New York City, for defendants.

## ORDER

HERLONG, District Judge.

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Rule 19.02 DSC. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Smith, proceeding pro se, claims that the defendants terminated his employment in violation of the Age Discrimination in Employment Act ("ADEA"). The defendants have filed a motion for summary judgment. In his Report and Recommendation, United States Magistrate Judge William M. Catoe, Jr. recommends granting the defendants' motion for summary judgment. The plaintiff, Samuel L. Smith ("Smith"), has filed objections to the Report and Recommendation.

Smith was hired on February 25, 1989, at the age of 49. He was terminated four years later. Smith alleges that his termination was based on his age. The defendants assert that Smith was terminated because he threatened to kill his supervisor, Earl Barber. Smith filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission. On July 28, 1994, the EEOC issued a right-to-sue letter determining that there was no cause to believe that the plaintiff had been discriminated against by the defendants due to his age.

To state a claim under the ADEA, Smith must prove that age was a determining factor in the decision to terminate his employment. *Duke v. Uniroyal, Inc.,* 928 F.2d 1413, 1417 (4th Cir.), *cert. denied,* 502 U.S. 963, 112 S.Ct. 429, 116 L.Ed.2d 449

(1991). The only evidence that Smith has offered to prove that age was a determining factor in his termination is a statement allegedly made by the director of operations, James Fuller ("Fuller"). Smith contends that Fuller made the statement, "Maybe we need to get some twenty year olds down here in the pressroom." (Pl.'s Dep. at 145). Fuller, however, was a non-decision maker in the determination to fire Smith. David O. Roberts, the publisher of the Herald–Journal, made the decision to terminate Smith's employment. In fact, Fuller was on vacation during the time period in which that decision was made. The magistrate judge correctly points out that even assuming that the statement was made, it fails to satisfy Smith's burden of proof. "[S]tatements by non-decision makers or decision makers unrelated to the decisional process cannot suffice" to prove age is a determining factor. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 277, 109 S.Ct. 1775, 1805, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring); *see also Mauter v. Hardy Corp.,* 825 F.2d 1554, 1558 (11th Cir.1987) ("[S]tatement [by non-decision maker] was too attenuated to present genuine issue of material fact as to discriminatory intent.").

 Considering the fact that Fuller was a non-decision maker in the determination to fire Smith, the court finds that Smith has failed to make out a prima facie case of age discrimination. Assuming, arguendo, that Smith has produced sufficient evidence to prove a prima facie case, the defendants can rebut the presumption of discrimination "by producing evidence that the plaintiff was [discharged] for a legitimate, nondiscriminatory reason." *EEOC v. Western Elec. Co., Inc.,* 713 F.2d 1011, 1014 (4th Cir.1983) (quoting *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 255, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981)); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (discussing burden shifting in discrimination cases). If the employer can articulate such a justification, then the inference of discrimination "drops from the case." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

The legitimate, nondiscriminatory reason that the defendants have articulated as their reason for terminating Smith's employment is that he threatened to kill his supervisor. Having stated a valid justification for their decision, the burden shifts to Smith to prove that this was a pretext for discrimination. *Id.* at 515–16, 113 S.Ct. at 2752. "[A] reason cannot be proven to be a 'pretext for discrimination,' unless it is shown both that the reason was false, and that discrimination was the real reason." *Id.* Smith has failed to produce sufficient evidence to make the requisite showing.

Accordingly, for the foregoing reasons, the court adopts Magistrate Judge Catoe's Report and Recommendation and incorporates it herein. Therefore, it is

**ORDERED** that the defendants' motion for summary judgment is granted.

**IT IS SO ORDERED.**